## DuBois, Appellant, *v.* DuBois.

*Divorce—Adultery—Evidence—Sufficiency.*

A decree of divorce on the ground of adultery is properly refused, where the evidence in support of it is largely that of the libellant and one interested witness, whose stories did not agree in material particulars, and did not convince the court of their veracity.

Argued November 14, 1924.   Appeal, No. 232, Oct. T., 1924, by libellant, from decree of C. P. No. 1, Phila. Co., Sept. T., 1922, No. 1447, in divorce, in the case of John Pierre DuBois v. Jennie Brown Shuster DuBois.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Libel in divorce.   Before McDEVITT, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to Grover C. Ladner, Esq., as master, who recommended that a divorce be granted.

On exceptions to the master's report the court sustained the exceptions and dismissed the libel.   Libellant appealed.

*Error assigned* was the decree of the court.

*David Newman,* and with him *Ben-Zion D. Oliensis,* for appellant.

*William A. Carr,* and with him *Sidney L. Krauss* and *George T. Steeley,* for appellee.

OPINION BY KELLER, J., March 13, 1925:

This was an action of divorce from the bond of matrimony brought by a husband against his wife on the ground of adultery. The master's report recommended that the divorce be granted. On exceptions to the report the court below found that the weight of the evidence was against the libellant, and accordingly sustained the exceptions, disapproved the recommendation and dismissed the libel. Our view of the testimony sustains the action of the court.

No good purpose would be served by discussing the evidence at length. A decree of divorce would have to rest, ultimately, on the testimony of the libellant and a woman companion who, from the street, are alleged to have witnessed acts occurring in the second-story front room of respondent's home which justified a divorce. Without this testimony the evidence was insufficient to sustain a decree. It was unfortunate that the libellant should have chosen as his associate observer in this matter the woman responsible, according to the respondent, for breaking up the home of these parties and the severance of their marital relations. A less interested person would have been a more convincing witness. Moreover, their stories did not agree in material particulars and this cast discredit on the rest of their evidence. We do not believe it. The libellant's case was not helped, either, in this court, by his undenied threats to name as co-respondent in the action a man whom he did not know and against whom he had not a shred of incriminating evidence, unless he consented to give information against his wife. The case against the respondent was not, in our opinion, sufficient to justify a divorce on the ground alleged in the libel.

The assignments of error are overruled and the decree of the court below is affirmed at the costs of the appellant.